# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON J. BRESSI, | | No. 4:18-CV-01345 |
| Plaintiff, | | (Judge Brann) |
| v. | | (Magistrate Judge Saporito) |
| TRACY MCCLOUD, et al., | | |
| Defendants. | | |

## ORDER

### DECEMBER 30, 2019

Aaron J. Bressi filed this amended 42 U.S.C. § 1983 complaint alleging that numerous individuals violated his civil rights.[1] On August 9, 2019, Magistrate Judge Joseph F. Saporito, Jr., issued a Report and Recommendation recommending that this Court dismiss the complaint, but permit Bressi to amend his First and Fourteenth Amendment retaliation claim.[2] Bressi thereafter filed motions for reconsideration and motion to stay this matter, which the Court denied on November 19, 2019.[3] The Court permitted Bressi to file objections to the Report and Recommendation on or before December 16, 2019, but no timely objections were filed.[4]

---

[1] Doc. 31.
[2] Doc. 38.
[3] Docs. 40, 41, 43, 51.
[4] The Court notes that Bressi has filed an appeal of this Court's order denying his motions for reconsideration. (Doc. 53). Ordinarily, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[5]  Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[6]  Upon review of the record, the Court finds no clear error, clear or otherwise, in Magistrate Judge Saporito's recommendations.  Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 38) is **ADOPTED**;

2. Bressi's motion for contempt (Doc. 50) is **DENIED**;

3. Bressi's amended complaint (Doc. 31) is **DISMISSED** with prejudice, with the exception of his First and Fourteenth Amendment retaliation claim, which is dismissed without prejudice; and

---

district court of its control over those aspects of the case involved in the appeal." *United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019) (brackets and internal quotation marks omitted). However, "the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable." *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985).  There appear to be no jurisdictional grounds for Bressi's appeal of this Court's non-final order denying reconsideration, and that appeal therefore does not deprive this Court of jurisdiction to consider the Report and Recommendation.

[5]  Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[6]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

4. Bressi may, within 30 days of the date of this Order, file an amended complaint that addresses the deficiencies identified by Magistrate Judge Saporito with respect to Bressi's retaliation claim.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge