# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON J. BRESSI, | | No. 4:18-CV-01345 |
| Plaintiff, | | (Judge Brann) |
| v. | | (Magistrate Judge Saporito) |
| TRACY MCCLOUD, *et al.*, | | |
| Defendants. | | |

## ORDER

**MARCH 20, 2020**

Aaron J. Bressi filed an amended 42 U.S.C. § 1983 complaint alleging that numerous individuals violated his civil rights.[1]  On December 30, 2019, this Court adopted Magistrate Judge Joseph F. Saporito, Jr.'s, Report and Recommendation and dismissed the amended complaint, but permitted Bressi to file a second amended complaint within thirty days that addressed the deficiencies identified with his First and Fourteenth Amendment retaliation claim.[2]  More than thirty days elapsed and Bressi did not file an amended complaint.  Consequently, on February 4, 2020, Magistrate Judge Saporito issued a Report and Recommendation recommending that

---

[1]    Doc. 31.
[2]    Doc. 55.

this Court dismiss Bressi's retaliation claim with prejudice and close this case.[3]  No

timely objections were filed to this recommendation.[4]

Where no objection is made to a report and recommendation, this Court will

review the recommendation only for clear error.[5]  Regardless of whether timely

objections are made, district courts may accept, reject, or modify—in whole or in

part—the findings or recommendations made by the magistrate judge.[6]  Upon review

of the record, the Court finds no clear error, clear or otherwise, in Magistrate Judge

Saporito's recommendation.  Consequently, **IT IS HEREBY ORDERED** that:

1.  Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation

    (Doc. 60) is **ADOPTED**;

2.  Bressi's First and Fourteenth Amendment retaliation claim is

    **DISMISSED** with prejudice; and

---

[3]  Doc. 60.

[4]  The Court notes that Bressi has filed an appeal of this Court's previous Orders.  (Docs. 53, 57).
    Ordinarily, "the filing of a notice of appeal is an event of jurisdictional significance—it confers
    jurisdiction on the court of appeals and divests the district court of its control over those aspects
    of the case involved in the appeal." *United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019)
    (brackets and internal quotation marks omitted).  However, "the jurisdiction of the lower court
    to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is
    not appealable." *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985).  There appear to be no
    jurisdictional grounds for Bressi's appeal of this Court's prior non-final orders, and his appeal
    therefore does not deprive this Court of jurisdiction to consider the Report and
    Recommendation.

[5]  Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878
    (3d Cir. 1987) (explaining that court should in some manner review recommendations
    regardless of whether objections were filed).

[6]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge